IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 11 B 34403 |
| Brandi A Hensley ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ADV. NO. 11 AP 01899 |
| EMC Mortgage LLC ) | |
| Defendant. ) | |

## FINDINGS OF FACT

**A.    The Parties**

1.   The Plaintiff is Brandi A Hensley ("Plaintiff").

2.   The Defendant is EMC Mortgage LLC ("Defendant").

**B.    Factual Background**

1.   On or about August 23, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.   Plaintiff owns the real estate commonly known as 5224 N. Winthrop Ave. Unit #1B, Chicago, IL 60640.

3.   That EMC Mortgage LLC holds a first mortgage lien on the real property commonly known as 5224 N. Winthrop Ave. Unit #1B, Chicago, IL 60640, with a secured claim of $313,290.00 pursuant to the Plaintiff's credit report.

4. The Defendant holds a second mortgage lien on the real property known as 5224 N. Winthrop Ave. Unit #1B, Chicago, IL 60640 in the approximate amount of $68,732.00 pursuant to the Plaintiff's recent credit report.

5. That the Plaintiff obtained an appraisal of her property on September 8, 2011 which indicates the value of 5224 N. Winthrop Ave. Unit #1B, Chicago, IL 60640 to be $250,000.00.

6. The first mortgage lien of EMC Mortgage LLC is a secured claim based on the mortgage recorded on May 2, 2006 as document number 0612210112 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of EMC Mortgage LLC is a secured claim based on the mortgage recorded on May 2, 2006 as document number 0612210113 with the Cook County Recorder of Deeds, Illinois.

8. The Chapter 13 Plan filed on August 23, 2011 provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $1,200.00 per month for 36 months.

9. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

10. On September 15, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 5224 N. Winthrop Ave. Unit #1B, Chicago, IL 60640.

11. That on September 15, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 2780 Lake Vista Drive,

Lewisville, TX 75067, and upon the registered agent at 208 S. LaSalle St. STE 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $250,000.00.

15. The first secured claim of EMC Mortgage LLC in the amount of $313,290.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of EMC Mortgage LLC in the amount of $313,290.00, and the second secured claim of EMC Mortgage LLC in the amount of $68,732.00.

5. That value of Plaintiff's residence is $250,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*.

Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 11/18/11

Enter: _____
United States Bankruptcy Judge
NOV 18 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625